FRANCIS J. BRADY *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Suffolk.   April 13, 1937. — September 15, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Disability, Surrender of policy.   *Election.*

Under provisions of a contract of group disability insurance and of a
certificate issued to an insured, that the insured, upon surrender of
the certificate, might receive a cash surrender value if at that time
he was not entitled to receive any disability benefits thereunder, a
surrender of the certificate and receipt of the cash surrender value
constituted a binding election barring an action by him for benefits for
a previous disability.

CONTRACT.   Writ in the Superior Court dated August 1,
1935.

A verdict for the defendant was ordered by *Goldberg,* J.
The plaintiff alleged an exception.

The case was submitted on briefs.

*J. W. Walsh & W. J. Walsh, Jr.,* for the plaintiff.

*D. E. Murphy,* for the defendant.

LUMMUS, J.   The plaintiff was an employee of the defend-
ant insurance company, which issued to him a certificate of
group insurance, providing for the payment of $40 a week
in the event of total disability.

The plaintiff was paid disability benefits from September
10, 1934, to sometime in December, 1934, when he returned
to work.   He became disabled again on April 25, 1935, and
remained disabled until June 11, 1935.

After the plaintiff ceased to be an employee, whether
that occurred on April 25, or June 11, 1935, he elected, as
he had a right to do under the certificate and the group
contract under which the certificate was issued, to receive
the cash surrender value of the policy, and on June 13,
1935, he did receive that value, which was the sum of
$305.20.   He surrendered his certificate to the defendant,
as the group contract required him to do before the cash

surrender value could become payable. The exact language of the provision for surrender is as follows: "If on the date of such termination of employment the employee is not receiving or entitled to receive any retirement annuity payments or disability benefits hereunder, the insurance company will pay to the employee a cash surrender value, the amount of which shall be the percentage set forth in the schedule on page 3 hereof, of the aggregate of the employee's contributions which were actually made under the group contract by such employee and received by the insurance company."

In an action to recover disability benefits for the period of disability in the spring of 1935, the trial judge directed a verdict for the defendant, subject to the plaintiff's exception.

When the plaintiff made his election, the disability benefits due him amounted to less than $270, but by accepting the surrender value he could obtain $305.20. For all that appears in the record, his period of disability was at an end. He may have desired to end his employment and his insurance altogether. He could obtain the surrender value only on the footing that he was "not . . . entitled to receive any . . . disability benefits" under the certificate surrendered. By the surrender the whole foundation of his claim ceased to exist. He must be held to his election.

*Exceptions overruled.*